CARL GOODWIN & SONS, INC., v. DEPARTMENT
OF STATE HIGHWAYS

JUDGMENT—SUMMARY JUDGMENT.

Summary judgment for defendant Department of State Highways in an action by plaintiff contractor for overhead costs resulting from a change in a contract was improper where it was uncertain what language in the contract meant and the meaning must be determined by testimony as to the circumstances at the time the contract was made.

Appeal from Court of Claims, Richard Robinson, J.   Submitted Division 2 February 1, 1971, at Lansing.   (Docket No. 9799.)   Decided May 19, 1971.

Complaint by Carl Goodwin & Sons, Inc., against the Department of State Highways for payment under a contract.   Summary judgment for defendant.   Plaintiff appeals.   Reversed.

*Doyle & Smith, P. C.,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading §§ 340–343.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Karl S. Vasiloff,* Assistants Attorney General, for defendant.

Before: Quinn, P. J., and McGregor and O'Hara,* JJ.

McGregor, J. On April 29, 1965, the plaintiff entered into a contract with the defendant Department of State Highways for the grading and surfacing of a highway, a state project. As written, the contract incorporated by reference the 1963 Standard Specifications for Road and Bridge Construction (hereinafter referred to as specs); under dispute here are the terms and the construction of the terms of such specs.

The contract provided in part for a total of 2,798,113 compensated cubic-yard units, also termed "overhaul units". The number of overhaul units multiplied by a unit price establishes the compensation. An overhaul unit represents a work-quantity measure, combining both an amount or mass of earth to be moved and a distance which it is to be moved. A change either in the amount or the distance to be moved will affect the total number of overhaul units involved. Defendant specifically authorized a change in the number of compensated cubic-yard units (or overhaul units); pursuant to this authorization, there was an actual decrease of 355,480 overhaul units, due to a change in the hauling distance, and a decrease of 670,333 overhaul units, due to a change in the amount of borrow excavation, or a total decrease of 1,025,813 overhaul

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

units, which represented a decrease of nearly 37%
from the total overhaul units as contemplated by
the original contract.   Plaintiff demanded payment
for the actual cost of the overhead resulting from
the decrease, pursuant to specs § 1.04.03; the de-
fendant refused to make such payment.   On March
20, 1969, the plaintiff petitioned the Court of Claims
for payment.   Subsequently, both parties filed mo-
tions for summary judgments, and on June 17, 1970,
an order was issued granting defendant's motion
and denying plaintiff's motion.   Plaintiff timely
filed a claim of appeal with this Court.

"Overhaul" is defined in specs § 2.10.01 as follows:

"Overhaul is the transportation of excavated ma-
terial over a distance in excess of 1,000 feet."[1]

---

[1] § 1.04.03 and § 2.10.05, Standard Specifications for Road and
Bridge Construction.
"§ 1.04.03 Increased or Decreased Quantities.—   *   *   *
"Unless otherwise provided in these specifications, proposal or plans,
adjustments in unit prices for increased or decreased quantities shall
be governed by the following:
"  *   *   *   the payment for the quantity of said item shall be made
at the contract unit price.
"Should the quantity of any major item of work be increased more
than 25 per cent above the original quantity, the contractor shall not
proceed with such additional work until a written agreement has been
executed adjusting the unit price for the amount of work over the
original contract quantity.
"Should the quantity of any major item of work be decreased more
than 25 per cent from the original quantity, compensation will be
made upon completion of the item involved based on the contractor's
actual extra cost by reason of such decrease below the original con-
tract quantity.   Such adjustment in unit price shall be made on the
basis of labor, material, and equipment cost plus a proportionate
amount of overhead and plant charges, but in no case shall the prod-
uct of the adjusted unit price and the number of units of work
performed exceed the product of the contract unit price and 75 per
cent of the contract quantity.   When the final cost, the sum of the
regular and extra estimates, is greater than the original contract
price, overhead and plant charges will not be considered in arriving
at the adjusted unit price.
"§ 2.10.05 Method of Measurement:
"Free haul is the hauling of excavated material a distance of not
over 1,000 feet.   The contract unit price per cubic yard for the
excavated material shall include all of the hauling within the free
haul limits.   The limits of free haul for roadway excavation, includ-

In the instant case the contract contained the unit price of $.15 per compensated cubic-yard unit as compensation for overhaul. The determination as to the actual compensation to the contractor is as follows (from specs § 2.10.06) : [Exhibit A.]

| Quantity of overhaul material in cubic yards | | Compensated units per cubic yard from table § 2.10.06 | | Unit Price | |
|---|---|---|---|---|---|
| X | x | Y | x | Z = | Compensation |
| e. g. 10 | x | .03 | x | .15 = | .045 |

The table is constructed so that the contractor is paid less, per station, as the number of stations increases, "station" representing a distance travelled.

ing borrow, shall be determined from a mass diagram by fixing on the volume curve two points, one on each side of the neutral grade point, one in excavation and the other in embankment, such that the distance between them equals 1,000 feet and the included quantities of excavation and embankment balance. All materials within this free haul limit shall be eliminated from further consideration. The distance between the center of gravity of each of the remaining increments of the mass of excavation or borrow and the center of gravity of the corresponding increments of the remaining embankment, less 1,000 feet free haul, shall be the overhaul distance for the respective increment of excavation.

"The hauling distance for roadway excavation will be measured along the road centerline. The hauling distance for borrow excavation shall be the shortest hauling distance between the center of gravity of the mass of borrow excavation and the center of gravity of the resulting embankment.

"When the overhaul distance is not more than 262.5 stations, the number of compensated cubic yard units shall be the product of the compensated overhaul units per cubic yard for the corresponding overhaul distance as shown in the table herein, multiplied by the quantity of overhaul material in cubic yards. Overhaul on embankment material placed within the following limits of overhaul distances shall be computed separately:

"Not more than 20 stations
"More than 20 but not more than 70 stations
"More than 70 but not more than 262.5 stations

"For haul distances greater than 262.5 stations outside the free haul limit, the overhaul will be computed at a uniform rate of 0.02 compensated cubic yard unit per cubic yard of excavation per station of haul in excess of 262.5 stations.

"This method in computing overhaul shall be considered to provide adjustment in compensation for variable unit costs due to changing of haul distance."

From the preceding, it can be determined that the unit price remains constant, while the factor from tables in § 2.10.06 is variable according to the distance travelled.

In the Court of Claims, the judge stated:

"In the absence of other provisions for adjusting compensation as the result of changes in quantities of work, it would seem that the general provisions of § 1.04.03 should be controlling. But in this case, not only do the specifications provide another method for adjusting compensation in a specific case, *i.e.,* overhaul distance (2.10.06), but § 1.04.03 itself requires that where other methods of adjusting compensation are provided in the specifications, the latter shall be controlling."

The trial judge's interpretation was that the language of § 2.10.05 of the specs was controlling regarding any changes in compensation as a result of any change in the hauling distances. The language to which he referred was:

"This method in computing overhaul shall be considered to provide adjustment in compensation for variable unit cost due to changing of haul distance."

The trial judge then stated that, since the parties agreed that 355,480 of the decreased overhaul units resulted from changes in overhaul distance, compensation was to be governed by § 2.10.06, in which case there was a decrease of 670,633 overhaul units as a result of a change in the amount of borrow excavation.

The compensation adjustment for borrow excavation changes was to be governed by § 1.04.03 of the specs:

"If the quantity of any item of work required to complete the project varies from the original esti-

mate for said item of work by 25 per cent or less, the payment for the quantity of said item shall be made at contract unit price."

Since the decrease in overhaul units resulting from borrow excavation was only about 23% from the original estimate of 2,798,113, it was not enough to produce any adjustment under § 1.04.03.

Section 2.10.05 of the specs provides that the method of computing overhaul shall be to provide "adjustment in compensation for variable unit costs".

Section 1.04.03 of the specs provides, in pertinent part:

"Unless otherwise provided in these specifications, proposals or plans, adjustments in *unit prices* for increased or decreased quantities shall be governed by the following: * * * ." (Emphasis supplied.)

It is uncertain whether the language of § 2.10.05, "adjustments in compensation for variable unit costs" is to be equated with otherwise providing "adjustment in unit prices" of § 1.04.03. In construing contract provisions, we must attempt to effectuate the intentions of the parties. From the record before us, we are unable to do so.

In view of the foregoing, summary judgment is improper. This cause is reversed and remanded to the Court of Claims, to take testimony as to the circumstances which existed at the time the contract was made. Costs to plaintiff.

All concurred.

### OVERHAUL-COMPENSATED CUBIC YARD UNITS

| Overhaul Distance Station | Compensated Yard Units per cu. yd. | Overhaul Distance Station | Compensated Yard Units per cu. yd. | Overhaul Distance Station | Compensated Yard Units per cu. yd. | Overhaul Distance Station | Compensated Yard Units per cu. yd. |
|---|---|---|---|---|---|---|---|
| 1 | .02 | 67 | 2.06 | 133 | 3.18 | 199 | 4.23 |
| 2 | .03 | 68 | 2.10 | 134 | 3.19 | 200 | 4.25 |
| 3 | .05 | 69 | 2.13 | 135 | 3.21 | 201 | 4.27 |
| 4 | .06 | 70 | 2.17 | 136 | 3.23 | 202 | 4.28 |
| 5 | .08 | 71 | 2.19 | 137 | 3.24 | 203 | 4.30 |
| 6 | .09 | 72 | 2.20 | 138 | 3.26 | 204 | 4.31 |
| 7 | .11 | 73 | 2.22 | 139 | 3.27 | 205 | 4.33 |
| 8 | .12 | 74 | 2.23 | 140 | 3.29 | 206 | 4.35 |
| 9 | .14 | 75 | 2.25 | 141 | 3.31 | 207 | 4.36 |
| 10 | .15 | 76 | 2.27 | 142 | 3.32 | 208 | 4.38 |
| 11 | .17 | 77 | 2.28 | 143 | 3.34 | 209 | 4.39 |
| 12 | .18 | 78 | 2.30 | 144 | 3.35 | 210 | 4.41 |
| 13 | .20 | 79 | 2.31 | 145 | 3.37 | 211 | 4.43 |
| 14 | .21 | 80 | 2.33 | 146 | 3.39 | 212 | 4.44 |
| 15 | .23 | 81 | 2.35 | 147 | 3.40 | 213 | 4.46 |
| 16 | .24 | 82 | 2.36 | 148 | 3.42 | 214 | 4.47 |
| 17 | .26 | 83 | 2.38 | 149 | 3.43 | 215 | 4.49 |
| 18 | .27 | 84 | 2.39 | 150 | 3.45 | 216 | 4.51 |
| 19 | .29 | 85 | 2.41 | 151 | 3.47 | 217 | 4.52 |
| 20 | .30 | 86 | 2.43 | 152 | 3.48 | 218 | 4.54 |
| 21 | .34 | 87 | 2.44 | 153 | 3.50 | 219 | 4.55 |
| 22 | .37 | 88 | 2.46 | 154 | 3.51 | 220 | 4.57 |
| 23 | .41 | 89 | 2.47 | 155 | 3.53 | 221 | 4.59 |
| 24 | .45 | 90 | 2.49 | 156 | 3.55 | 222 | 4.60 |
| 25 | .49 | 91 | 2.51 | 157 | 3.56 | 223 | 4.62 |
| 26 | .52 | 92 | 2.52 | 158 | 3.58 | 224 | 4.63 |
| 27 | .56 | 93 | 2.54 | 159 | 3.59 | 225 | 4.65 |
| 28 | .60 | 94 | 2.55 | 160 | 3.61 | 226 | 4.67 |
| 29 | .64 | 95 | 2.57 | 161 | 3.63 | 227 | 4.68 |
| 30 | .67 | 96 | 2.59 | 162 | 3.64 | 228 | 4.70 |
| 31 | .71 | 97 | 2.60 | 163 | 3.66 | 229 | 4.71 |
| 32 | .75 | 98 | 2.62 | 164 | 3.67 | 230 | 4.73 |
| 33 | .79 | 99 | 2.63 | 165 | 3.69 | 231 | 4.75 |
| 34 | .82 | 100 | 2.65 | 166 | 3.71 | 232 | 4.76 |
| 35 | .86 | 101 | 2.67 | 167 | 3.72 | 233 | 4.78 |
| 36 | .90 | 102 | 2.68 | 168 | 3.74 | 234 | 4.79 |
| 37 | .94 | 103 | 2.70 | 169 | 3.75 | 235 | 4.81 |
| 38 | .97 | 104 | 2.71 | 170 | 3.77 | 236 | 4.83 |
| 39 | 1.01 | 105 | 2.73 | 171 | 3.79 | 237 | 4.84 |
| 40 | 1.05 | 106 | 2.75 | 172 | 3.80 | 238 | 4.86 |
| 41 | 1.09 | 107 | 2.76 | 173 | 3.82 | 239 | 4.87 |
| 42 | 1.12 | 108 | 2.78 | 174 | 3.83 | 240 | 4.89 |
| 43 | 1.16 | 109 | 2.79 | 175 | 3.85 | 241 | 4.91 |
| 44 | 1.20 | 110 | 2.81 | 176 | 3.87 | 242 | 4.92 |
| 45 | 1.24 | 111 | 2.83 | 177 | 3.88 | 243 | 4.94 |
| 46 | 1.27 | 112 | 2.84 | 178 | 3.90 | 244 | 4.95 |
| 47 | 1.31 | 113 | 2.86 | 179 | 3.91 | 245 | 4.97 |
| 48 | 1.35 | 114 | 2.87 | 180 | 3.93 | 246 | 4.99 |
| 49 | 1.38 | 115 | 2.89 | 181 | 3.95 | 247 | 5.00 |
| 50 | 1.42 | 116 | 2.91 | 182 | 3.96 | 248 | 5.02 |
| 51 | 1.46 | 117 | 2.92 | 183 | 3.98 | 249 | 5.03 |
| 52 | 1.50 | 118 | 2.94 | 184 | 3.99 | 250 | 5.05 |
| 53 | 1.53 | 119 | 2.95 | 185 | 4.01 | 251 | 5.07 |
| 54 | 1.57 | 120 | 2.97 | 186 | 4.03 | 252 | 5.08 |
| 55 | 1.61 | 121 | 2.99 | 187 | 4.04 | 253 | 5.10 |
| 56 | 1.65 | 122 | 3.00 | 188 | 4.06 | 254 | 5.11 |
| 57 | 1.68 | 123 | 3.02 | 189 | 4.07 | 255 | 5.13 |
| 58 | 1.72 | 124 | 3.03 | 190 | 4.09 | 256 | 5.15 |
| 59 | 1.76 | 125 | 3.05 | 191 | 4.11 | 257 | 5.16 |
| 60 | 1.80 | 126 | 3.07 | 192 | 4.12 | 258 | 5.18 |
| 61 | 1.83 | 127 | 3.08 | 193 | 4.14 | 259 | 5.19 |
| 62 | 1.87 | 128 | 3.10 | 194 | 4.15 | 260 | 5.21 |
| 63 | 1.91 | 129 | 3.11 | 195 | 4.17 | 261 | 5.23 |
| 64 | 1.95 | 130 | 3.13 | 196 | 4.19 | 262 | 5.24 |
| 65 | 1.98 | 131 | 3.15 | 197 | 4.20 | 262+50 | 5.25 |
| 66 | 2.02 | 132 | 3.16 | 198 | 4.22 | | |

For haul distances greater than 262.5 stations outside the free haul limit, the overhaul will be computed at a uniform rate of 0.02 Compensated Cubic Yard Unit per cubic yard of excavation per station of haul in excess of 262. stations.